# JOHN C. KRIBS

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. EMBEZZLEMENT—*what constitutes.* If money is placed in the hands of a person to be loaned for the owner for a specified time, upon a certain specified character of security, and at a stipulated rate of interest, and the person so intrusted with the money fraudulently converts the same to his own use, he will be guilty of embezzlement, under the Criminal Code.

2. But where one places his money in the hands of another, relying upon his honesty or responsibility for its return, with the stipulated interest, then a failure of the party to properly account for the money so received will not subject him to a criminal prosecution for embezzlement.

3. EVIDENCE *in criminal cases—as to other like offenses.* Upon the trial of a party charged with embezzlement, by the fraudulent conversion to his own use of money placed in his hands to be loaned for the owner, it is not competent for the prosecution to prove that the defendant had collected or secured money belonging to other parties, and on several occasions, which he had fraudulently converted to his own use. The evidence should be confined to the charge set forth in the indictment.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. H. H. CODY, Judge, presiding.

Mr. J. F. FARNSWORTH, and Mr. B. F. PARKS, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Per CURIAM: This was an indictment in the circuit court of Kane county, against John C. Kribs, for embezzlement. On a trial of the cause the defendant was found guilty, and sentenced to the penitentiary for one year.

It appears, from the evidence introduced on the trial of the cause, that George W. Shaver, on the 26th day of June, 1874, placed in the hands of the defendant $550, to be loaned at the rate of ten per cent for one year. A receipt was given for the money, which was as follows:

"Elgin, Ill., *June* 26, 1874.

"Received of George W. Shaver five hundred and fifty dollars, to be loaned at ten per cent, for one year, from this date.

"John C. Kribs."

One hundred and fifty dollars was paid back to Shaver on the 9th day of November, 1874, and at the same time interest was paid on the entire amount to the 1st day of December, 1874. The balance of the money the defendant converted to his own use.

If the money was placed in the hands of the defendant to be loaned for one year, upon real estate security, at ten per cent per annum, and he fraudulently converted the same to his own use, the defendant would, no doubt, be guilty of the offense charged. If, on the other hand, Shaver placed the money in the hands of the defendant, and looked to him for a repayment, and relied upon the guaranty of the defendant for ten per cent interest, from the time the money was paid over, then no conviction could be had. While we do not propose to express any opinion upon the evidence, yet, from the fact that the defendant guaranteed ten per cent interest from the date the money was received, and the subsequent payment of interest on the money to December 1, 1874, in connection with the agreement to repay the $400 on thirty days' notice, may properly raise a well founded doubt in regard to the guilt of defendant.

The proposition is too plain to admit of argument, that if Shaver, when he gave the money to the defendant, relied upon his honesty or responsibility to return it, with ten per cent interest, he can not resort to the criminal laws of the State to assist him to collect the debt.

But, aside from these considerations, the record discloses an error for which the judgment of the circuit court must be reversed.

On the trial, the court allowed the people, over the objection of the defendant, to prove that the defendant had collected or received money belonging to other parties, and on several

occasions, which he had fraudulently converted to his own use. This was error. The evidence should have been confined to the charge for which the defendant was indicted. On the trial of this indictment, the law did not require him to come prepared to meet other charges, nor does it follow, because he may have been guilty of other like offenses, that he was guilty of the offense charged in the indictment.

The evidence should have been confined strictly to the offense charged in the indictment. This was not, however, done, but improper testimony was allowed to go to the jury, which could not fail to prejudice the rights of the defendant.

For the error in the admission of improper evidence, the judgment will be reversed and the cause remanded.

*Judgment reversed.*