JOSEPH BARRETT et al., Appellants, *v*. JOHN B. WEBER, as Surviving Partner, etc., Respondent.

JOHN B. WEBER, as Surviving Partner, etc., Respondent, *v*. JOSEPH BARRETT et al., Appellants.

To avoid a contract on the ground that it was made under fear of imprisonment, the imprisonment threatened or feared must be shown to have operated on the mind of the party, so as to deprive the contract of the character of a voluntary act.

To avoid an obligation, on the ground that it was given to compound a felony, it is necessary to show that there was some agreement or promise, on the part of the obligee, to forbear prosecution for the crime or to suppress evidence that would tend to prove it.

Statement of case.

H., a married woman, was engaged in the grocery business on her own account, the management of which she intrusted to J., her husband, who made all the necessary purchases. Pursuant to an arrangement between J. and one R., who was a clerk of S. & W., wholesale grocers, goods were stolen, from time to time, by R. from his employers' store to supply the stores of H., and were put into her stock, R. receiving therefor about half their value, which he appropriated to his own use. Of these transactions H. had no knowledge. On discovery of the thefts S. & W. demanded payment for said goods of H., who thereupon with her husband executed a bond and mortgage for the amount, the latter covering real estate owned by her. *Held,* that H. was bound to restore the goods or to pay their value, and this furnished a good consideration for the bond and mortgage; that whether a threat to sue her for the value of said goods, or to prosecute her husband and R. criminally for the felony, operated on her mind and induced her to sign the securities, were questions of fact, and having been found against her on sufficient evidence, she was concluded thereby; and that, in the absence of evidence of some promise on the part of the mortgagees to forbear prosecution for the crime or to suppress evidence, it could not be held that the securities were given to compound a felony.

(Argued October 28, 1890; decided December 2, 1890.)

APPEALS from judgments of the General Term of the Supreme Court in the fifth judicial department, entered upon orders made March 26, 1889, one of which affirmed a judgment in favor of defendants in the first above-entitled action, and the other of which affirmed a judgment in favor of plaintiff in the second above-entitled action, both of which were entered upon decisions of the court on trial at Special Term.

The first above-entitled action was brought to set aside a certificate, assignment, bond and mortgage executed by Joseph Barrett and Hester Barrett to Avery L. Smith and John B. Weber, composing the firm of Smith & Weber, on the ground that they were procured by fraud and duress.

The second above-entitled action was brought to foreclose said bond and mortgage.

The facts, so far as material, are stated in the opinion.

*George C. Greene* and *William C. Fitch* for appellants. The finding of the trial justice in each of said actions that the

alleged assignment, bond, mortgage and certificate were not, nor was any or either of them procured or obtained from said appellants by duress or under influence of any person or persons whomsoever, is erroneous as being against the weight of evidence. (*Eadie* v. *Slimmons*, 26 N. Y. 9 ; 2 Story's Eq. Jur. § 239 ; *Osborn* v. *Robbins*, 36 N. Y. 371 ; *Loomis* v. *Ruck*, 56 id. 464 ; *Schoemer* v. *Lissauer*, 107 id. 115 ; *Bayley* v. *Williams*, 4 Giff. 638 ; L. R. [1 H. L. Cas.] 200 ; *Davies* v. *L., etc., Ins. Co.*, L. R. [8 Ch. App.] 469.) The finding of the trial justice in each of said actions that the alleged assignment, bond, mortgage and certificate were so made, executed, acknowledged and delivered for a good and valuable consideration and to secure the payment of a debt justly due and owing to the said Smith & Weber, is against the weight of evidence, and, therefore, erroneous. (*S. Bank* v. *King*, 44 N. Y. 87 ; *Sweet* v. *Spence*, 35 Barb. 44 ; *Pepper* v. *Haight*, 20 id. 429 ; *Sherman* v. *Burnard*, 19 id. 291 ; *Silvernail* v. *Cole*, 12 id. 685 ; *Ehle* v. *Judson*, 24 Wend. 97 ; *Livingston* v. *Bain*, 10 id. 384 ; *Stewart* v. *Ehrenfeldt*, 4 Den. 189 ; *Trustees* v. *Gallatin*, 4 Cow. 340 ; *Tuxbury* v. *Miller*, 19 Johns. 321 ; *Trovinger* v. *McBurney*, 5 Cow. 253 ; *Davidson* v. *Givins*, 2 Bibb. 200 ; *Mortin* v. *Fletcher*, 2 A. K. Marsh, 138 ; *Greenwood* v. *Colcock*, 2 Bay. 67 ; *Lonery* v. *Burney*, 2 D. Chip. 11 ; *Lewis* v. *Knox*, 2 Bibb. 453 ; *Armstrong* v. *Toler*, 11 Wheat. 258 ; *Fowler* v. *Scully*, 72 Penn. St. 456 ; *Watrous* v. *Blair*, 32 Ia. 58 ; *Seidenbenner* v. *Charles*, 4 S. & R. 149 ; *Hall* v. *Mullin*, 5 H. & P. 193 ; *Schnell* v. *Nell*, 17 Ind. 29 ; Penal Code, § 125.) The finding of the trial justice in the second of these actions (which is for the foreclosure of said alleged bond and mortgage), that the said appellants did not give the said bond and mortgage to compound or settle a felony, is against the weight of evidence, and, therefore, erroneous. (*Earle* v. *Clute*, 2 Abb. Ct. App. Dec. 1 ; *Conderman* v. *Hicks*, 3 Lans. 108 ; *Conderman* v. *Trenchard*, 58 Barb. 165 ; *Porter* v. *Havens*, 37 id. 343 ; *S. C. Bank* v. *Mathewson*, 5 Hill, 249 ; *Dartmouth* v. *Bennett*, 15 Barb. 541 ; *Jones* v. *Rice*, 18 Pick. 440 ;

*People* v. *Pease,* 16 Mass. 91 ; *Haynes* v. *Rudd,* 102 N. Y. 372.)

*George Wadsworth* for respondent.  To constitute duress by threats, they must be of such serious bodily harm as would overcome the will of a person of ordinary firmness ; that the party was in fact influenced thereby, and that the money obtained thereby was not legally or justly due from the payor. (4 Wait's Act & Def. 489, 490 ; *Harmon* v. *Harmon,* 61 Me. 227 ; *Bosley* v. *Shanner,* 26 Ark. 280 ; *State* v. *Slader,* 70 N. C. 55 ; *Feller* v. *Greene,* 26 Mich. 70 ; *Diller* v. *Johnson,* 37 Tex. 47 ; *Knapp* v. *Hyde,* 60 Barb. 80, 82 ; 100 N. Y. 226 ; *Watkins* v. *Baird,* 6 Mass. 506, 511 ; *Shepard* v. *Watrous,* 3 Caines, 166 ; *Farmer* v. *Walter,* 2 Edw. Ch. 601 ; *Crowell* v. *Gleason,* 10 Me. 325 ; *Meek* v. *Atkinson,* 1 Bailey [S. C.], 84 ; *Waterman* v. *Barratt,* 4 Harr. [Del.] 311 ; *Smith* v. *Atwood,* 14 Ga. 402 ; *Neally* v. *Greenough,* 25 N. H. 332 ; *Eddy* v. *Herrin,* 17 Me. 338 ; *Alexander* v. *Pierce,* 10 N. H. 497 ; *State* v. *Davis,* 79 N. C. 603 ; *Landa* v. *Obert,* 45 Tex. 539 ; *Baldwin* v. *Murphy,* 82 Ill. 485 ; *Humphrey* v. *Humphrey,* 78 N. C. 396 ; *Foshay* v. *Ferguson,* 5 Hill, 154 ; *Kissock* v. *House,* 30 Hun, 35 ; *Dunham* v. *Griswold,* 100 N. Y. 224 ; *Smith* v. *Rowley,* 66 Barb. 502 ; *Vosburg* v. *Brewster,* 5 Alb. L. J. 198 ; *McPherson* v. *Cox,* 86 N. Y. 472 ; *M. L. I. Co.* v. *Meeke,* 85 id. 614.)  So far as the defense that the securities were given to compound a felony is concerned it is sufficient to say, (1) There is no sufficient evidence by appellants to establish that defense ; (2) The appellants' evidence shows there was no such agreement.  If the securities were so given, the parties were *in pari delicto,* and the action of *Barrett* v. *Weber* to cancel them cannot be maintained. (*Smith* v. *Rowley,* 66 Barb. 504 ; *Haynes* v. *Rudd,* 83 N. Y. 251 ; 102 id. 372.)  There having been no arrest, no imprisonment, no actual force, the question whether a promise was obtained by duress *per minas,* is a question of fact and cannot be determined as one of law.  (*Dunham* v. *Griswold,* 100 N. Y. 224 ; *Scudder* v. *Burrows,* 7 N. Y. S. R. 605, 613 ;

*Sistare* v. *Olcott*, 15 id. 248; *Hyatt* v. *Dusenbury*, 12 Civ.
Pro. Rep. 152, 159; *Sherwood* v. *Hauser*, 94 N. Y. 626;
*Westerlo* v. *De Witt*, 36 id. 340; *Crane* v. *Badouine*, 55 id.
256; *Stilwell* v. *M. L. I. Co.*, 72 id. 385.)

O'Brien, J. The plaintiff is the surviving member of a
firm which was composed of himself and one Avery L. Smith,
deceased. This action was brought to foreclose a mortgage
given to the firm by the defendants, who are husband and
wife, to secure the payment of their bond of $3,000, dated
September 12, 1883, payable in two equal annual payments
from the date thereof with semi-annual interest. The defense
alleged that both the bond and mortgage were given without
any consideration and were procured from the defendants by the
plaintiff or his firm by fraud, duress and undue influence; and
further, that both instruments were given by the defendants
to Smith & Weber for the purpose of compounding a felony
committed by one John W. Rumoher in feloniously stealing,
taking and carrying away from the store of the firm a large
quantity of goods. The court at Special Term found that at
the time of the execution and delivery of the bond and mort-
gage by the defendants, they were indebted to the plaintiff's
firm in the sum of $2,450, with interest from December 1,
1882, for goods taken from the store of the firm and applied
and converted by the defendants to their own use. That
there was no fraud, duress or undue influence in procuring the
mortgage, and that it was not given to compound or settle a
felony. That there remained due thereon the sum of $1,772.62
for which the usual judgment of foreclosure and sale was
directed. It appeared from the proofs at the trial that the
defendants are husband and wife and were engaged in the
retail grocery business in Buffalo, in the name of the wife, in
at least two different places in that city. The management of
the defendants' business was intrusted to the husband, Joseph
Barrett, who bought or gave orders for such goods as were
needed at the stores under his charge. Rumoher was a nephew
of Barrett and a clerk in the wholesale grocery house of

Smith & Weber, entering upon the duties of that position about April 1, 1882. About three months thereafter, in pursuance of a preconcerted arrangement between himself and Joseph Barrett, he commenced to take goods from the house in which he was a clerk in order to supply the defendants' retail stores. This continued from time to time on about forty different occasions, until they were discovered about a year thereafter. In general, the manner of operating was this: after the close of the store about six o'clock in the evening, the proprietors and clerks left, but Rumoher would return and meet Barrett there with his horse and wagon, and with him take such goods as they wished from the store and put them in defendants' stock. The goods were not charged to anyone on the firm books, but Rumoher kept an account of them on his private diary and Barrett paid to him from time to time a sum about equal to half their value, which the young man appropriated to his own use. On some occasions, Rumoher would erase charges made upon the firm books for goods purchased by defendants in the regular way, and carry the amount into this private account. It was to secure to the plaintiffs' firm payment for the goods thus taken that the bond and mortgage were given. The Barretts, husband and wife, brought an action against Weber, as survivor of the firm, for the purpose of procuring a decree declaring the bond and mortgage null and void on the ground, as alleged in their complaint, that they were procured by fraud and duress and were without any consideration. The two actions, under a stipulation made by the parties with the consent of the court, were tried together. In the last-mentioned action, the court found that the securities were given for a good and valuable consideration, and to secure the payment of a debt justly due from the mortgagors to the firm of Smith & Weber, and that they were not procured by fraud, duress or undue influence, and judgment dismissing the complaint was directed against the Barretts. The General Term affirmed this judgment and it comes to this court for review in the same record containing the judgment and proceedings in the foreclosure action, which has also

been affirmed at General Term. The issues ·in both cases involved important questions of fact which tne Special Term upon a full trial, and after hearing the testimony of all the actors in the transaction, which resulted in the execution and delivery of the bond and mortgage, has determined against the appellants. It is not seriously contended in support of the appeals that any finding of fact made by the trial court is without evidence to support it, and certainly the conclusions of law are sustained by the facts found. The voluminous brief submitted by the learned counsel for the appellants is devoted principally to a discussion of the facts for the purpose of showing that the findings, or some of them are against the. weight and clear preponderance of the evidence. Even if he was correct in this position his right to review the judgments upon the facts ended with the determination of the General Term. But a somewhat careful. perusal of the whole record leads the mind to the conclusion that the Special Term made a just and correct disposition of the controversy. The real estate embraced in the mortgage was the separate property of the wife. She did not participate in the criminal operations by means of which the goods of Smith & Weber were appropriated to her use, nor does it appear that she had any knowledge of the fact that her husband and' nephew were engaged from time to time in furnishing her store with goods purloined from others. But the husband was her agent in conducting her separate business, and this business and her separate estate had the benefit of the property wrongfully obtained. She was asked to pay for what went into her store, through the criminal conspiracy between her husband and nephew and of which she was the unconscious beneficiary. She was bound to return the property or its value, and the promise to do so is founded upon a good consideration and binds her unless viti. ated by fraud or duress, or some promise or agreement to compound a felony. A threat to sue her at law for the value of the goods that had gone into her possession, or to prosecute her husband and nephew criminally for the felony may have influenced her mind, and induced her to sign the mortgage,

but whether this operated to coerce her was, under all the circumstances, a question of fact which has been found against her. In order to avoid the contract on the ground that it was made under fear of imprisonment, the imprisonment, threatened or feared, must be shown to have operated upon her mind so as to deprive the contract of the character of a voluntary act, and the evidence was not of such a conclusive nature as to require such a finding. In order to avoid the bond and mortgage on the ground that they were given to compound a felony, it was necessary to show that there was some agreement or promise on the part of the mortgagee to forbear prosecution for the crime, or to suppress evidence that would tend to prove it. Nothing of this kind is found, and no sufficient evidence was given to warrant such finding. We think that the Barretts failed to bring the case within the rules that authorize courts to annul contracts on the ground of duress or fraud or for the reason that an agreement or promise to compound a felony was an element inducing the execution and delivery of the instruments. (*Haynes* v. *Rudd*, 83 N. Y. 251 ; *Met. L. Ins. Co.* v. *Meeker*, 85 id. 614 ; *McPherson* v. *Cox*, 86 id. 472 ; *Dunham* v. *Griswold*, 100 id. 224 ; *Haynes* v. *Rudd*, 102 id. 372.)

We have examined the exceptions taken at the trial and discussed in the appellants' brief, and we are of the opinion that they were correctly disposed of in the courts below.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.