94 573
115 508

WILLIAM A. WOLF v. THE ESTATE OF REUBEN F. TROXELL, DECEASED.

*Bills and notes—Evidence—Consideration—Forbearance to prosecute—Threats—Duress.*

1. Where a suit upon notes is defended upon the ground that they were given to prevent the prosecution of the maker's son for felony, the will of the father, made some years before he gave the notes, by which he disinherited the son, is inadmissible in evidence.

2. A note given to settle the embezzlement of an agent is valid, if there is no agreement to stifle a prosecution for the embezzlement.

3. The charge in this case is open to the objection that the jury would be likely to infer from it that, if the father was induced

to give his notes by a threat to prosecute his son for a felony, the notes were necessarily void, unless plaintiff was shown to be a *bona fide* holder, whereas the crucial question in the case was the illegality of the consideration, as based upon the alleged promise not to prosecute, which the threats only tended to prove.

4. The following propositions are summarized from the opinion of Chief Justice HOOKER.

*a*—A note given upon a promise to compound a felony is void, whether made at the solicitation of the maker, or by reason of the threats of the payee or his agent.

*b*—A note given to settle a just debt is valid, although its making was induced by threats to prosecute, in the absence of duress or fraud, and of a promise not to prosecute if the note is given.

*c*—Duress implies a constraint which overcomes the will of the person constrained, and it may be the result of imprisonment, or threats of immediate imprisonment; citing *Hackley v. Headley,* 45 Mich. 569; *Lester v. Manufacturing Co.,* 1 Hun, 288; *Plant v. Gunn,* 2 Woods, 372; *Landa v. Obert,* 45 Tex. 539; *Baldwin v. Murphy,* 82 Ill. 485.

*d*—The weight of authority is to the effect that imprisonment of one cannot be treated as duress or constraint of another, except in the case of husband and wife, who are treated as one in law; citing *Eadie v. Slimmon,* 26 N. Y. 9; *Green v. Scranage,* 19 Iowa, 461, *Brooks v. Berryhill,* 20 Ind. 97.[1]

Error to St. Joseph. (Loveridge, J.) Argued January 11, 1893. Decided February 10, 1893.

Appeal from the disallowance of a claim by commissioners on claims. Claimant brings error. Reversed. The facts are stated in the opinion.

*William E. Walsh* (*Harry F. Chipman* and *Henry C. Loveridge,* of counsel), for appellant.

*Hugh P. Stewart* and *Charles A. Sturges,* for defendant.

HOOKER, C. J. The claimant was owner of four promissory notes executed by decedent. Appealing from

[1] See *Meech v. Lee,* 82 Mich. 274.

their disallowance by commissioners, he met with defeat in the circuit court, and brings the case here on bill of exceptions. The defense made below was that the notes were given to prevent a prosecution of decedent's son for embezzlement.

The will of the decedent was introduced in evidence on behalf of the defendant, against objection. The only apparent object of the introduction was to get before the jury the fact that decedent gave his son no share of his estate. This will was executed several years before the transaction in controversy, and might lead to the inference that the son was wayward, and troublesome to his parent. It should not have been admitted.

Plaintiff's sixth request was as follows:

"A note given to settle an embezzlement or a shortage of an agent is valid and good, if it was given to settle the indebtedness or shortage, and if there is no agreement to stifle the prosecution for the embezzlement."

Under the facts of this case, no question of deceit being involved, this was a proper request, and should have been given.

In the charge undue prominence seems to have been given to the alleged threats to prosecute if decedent did not give these notes. Such threats were properly admitted as tending to show the giving of the notes upon a promise not to prosecute. But although the court instructed the jury that, "from all the evidence, you must determine whether the notes were given to settle a criminal prosecution threatened against the son, or whether they were given in settlement of a just claim owing by the son," etc., the further instruction was given that, "in order to defeat the notes, you must find that they were procured from the defendant by threats or intimidations that, if not given, his son would be prosecuted upon a criminal charge." And again:

"If he gave the notes voluntarily, or relying upon such an arrangement [*i. e.* that the son should pay them], it would be immaterial whether threats of prosecution were or were not in fact made. To make the threats material, you must believe that the notes were given because of them."

And again:

"If you believe that the notes were obtained by such threats of criminal prosecution, then the burden of proof would be shifted to the plaintiff, and it would lie with him to show, by a fair preponderance of evidence, that he was a *bona fide* purchaser of the notes."

It is plain that a note given upon a promise to compound a felony is void, whether it is made upon the solicitation of the maker of the note, or by reason of the threats of the payee or his agent. On the other hand, the note may be valid if no such promise to forego prosecution is involved, although threats to prosecute are made, and induce the making of the note, to settle a just debt, unless the circumstances show duress or fraud.

Duress implies a constraint which overcomes the will of the person constrained, and this constraint may be the result of imprisonment, or threats of immediate imprisonment. *Hackley v. Headley,* 45 Mich. 569; *Lester v. Manufacturing Co.,* 1 Hun, 288; S. C., 3 Thomp. & C. 657; *Plant v. Gunn,* 2 Woods, 372; *Landa v. Obert,* 45 Tex. 539; *Baldwin v. Murphy,* 82 Ill. 425.

The weight of authority is to the effect that imprisonment of one cannot be treated as duress or constraint of another. The case of husband and wife is exceptional, they being treated as one in law. *Eadie v. Slimmon,* 26 N. Y. 9; *Green v. Scranage,* 19 Iowa, 461; *Brooks v. Berryhill,* 20 Ind. 97. And in one case it was held that a father may avoid his deed given by the duress of imprisonment of a son. *Bayly v. Clare,* 2 Brownl. 276. But see, contra, *Fulton v. Hood,* 34 Penn. St. 365; *Martin v.*

*Broadus,* 1 Freem. Ch. (Miss.) 35; *Steinbaker v. Wilson,* 1 Leg. Gaz. R. 76; *Simms v. Barefoot's Ex'rs,* 2 Hayw. (N. C.) 402; *Smith v. Rowley,* 66 Barb. 502; *State v. Davis,* 79 N. C. 603.

We think that a jury would be likely to infer from the charge that, if the father was induced to give his notes by a threat to prosecute the son, the notes were *necessarily void,* unless the plaintiff should establish a *bona fide* holding, whereas the crucial question in the case was the illegality of the consideration, as based upon the alleged promise not to prosecute, which the threats only tended to prove.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.