(159 App. Div. 347.)

### STRAUSS LINOTYPING CO. v. SCHWALBE et al.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. CONTRACTS (§ 141*)—CONSIDERATION—LEGALITY—SUFFICIENCY OF EVIDENCE.
   In a suit to enjoin defendant from continuing in the linotyping business in a city, contrary to agreement, evidence *held* to show that the agreement was made in consideration of the discontinuance by plaintiff of a prosecution for grand larceny, theretofore instituted against defendant
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 461, 1760, 1761, 1785; Dec. Dig. § 141.*]

2. CONTRACTS (§ 128*)—VALIDITY—COMPOUNDING FELONY.
   An agreement by defendant not to engage in a certain business in a city for a certain period, made in consideration of plaintiff's withdrawing a prosecution theretofore instituted against defendant charging grand larceny, was illegal and void.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 633–653; Dec. Dig. § 128.*]

3. CONTRACTS (§ 134*)—RATIFICATION—VOID AGREEMENT.
   An agreement, which was void because made in consideration of the withdrawal by one of the parties of a prosecution for grand larceny theretofore begun against the other, could not afterwards be ratified so as to give it any validity.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 722; Dec. Dig. § 134.*]

Appeal from Special Term, New York County.

Action by the Strauss Linotyping Company against Max E. Schwalbe and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

David C. Myers, of New York City, for appellants.
Wessels Ryerson, of New York City, for respondent.

McLAUGHLIN, J. Some time prior to September 26, 1911, the plaintiff, a domestic corporation then doing business under the name of Schwalbe & Strauss Linotyping Company, was engaged in that business in New York City. Schwalbe was president and manager of the corporation, and Strauss secretary and treasurer; each owning substantially one-half the capital stock. Dissensions having arisen between them, Schwalbe sold on that day all his interest therein to Strauss for $2,000, and general releases were exchanged between them and between Schwalbe and the corporation. A few days later Schwalbe caused to be formed the Max E. Schwalbe, Inc., of which he owned

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

substantially all the capital stock, and it thereupon entered into the same kind of business, a short distance from where the plaintiff was located. Such fact becoming known to Strauss, he appeared before a magistrate and charged Schwalbe with grand larceny, in that, prior to severing his connection with the plaintiff corporation, he had misappropriated certain checks, falsified the books, and stolen certain. funds belonging to it. The magistrate issued a summons, which was returnable a few days later. On the return day Schwalbe and Strauss appeared before the magistrate, and, after some evidence had been taken, the proceeding was adjourned. The day before the adjourned day Schwalbe and the plaintiff entered into an agreement by which the former, for a nominal consideration of one dollar and other good and valuable consideration, agreed that for a period of five years he would not, either individually or in connection with any other person or corporation, engage in the linotyping business in the city of New York, with the exception of work to be done for the Chief Publishing Company, and the plaintiff agreed it would not interfere with his doing that work. After the execution and delivery of this agreement, Strauss directed his attorney to discontinue the proceeding before the magistrate, and the same was thereupon discontinued. Schwalbe has not lived up to the agreement, but, acting through the corporation which he controls, is doing a general linotyping business. This action was brought to enjoin him and the corporation from continuing in the business; the complaint alleging it was in violation of the agreement.

The defendant, after denying certain allegations of the complaint, set up as an affirmative defense that there was no consideration for the agreement; that the same was entered into by Schwalbe in consideration of an illegal promise to compound his alleged felony, and the discontinuance of the prosecution of the proceeding before the magistrate. The trial court found in favor of the plaintiff and enjoined the defendants from continuing in the business referred to, and they appeal.

[1, 2] I am of the opinion the judgment should be reversed. There was no valid consideration for the agreement. It is obvious that the proceeding before the magistrate was instituted for the purpose of forcing Schwalbe to enter into the agreement, and the discontinuance thereof was the only consideration for it. Both Schwalbe and his attorney testified as to various conversations had with Strauss and his attorney after the service of the magistrate's summons and before the agreement was executed, in which they promised to discontinue the proceedings if Schwalbe would enter into the agreement not to compete in business with the plaintiff. It is true plaintiff's witnesses denied that an express agreement to this effect was made, and stated that Schwalbe offered to quit the business as a means of compensation for various wrongs he had done Strauss. But whatever may have been stated between the parties, the fact appears that the real and only consideration for the agreement was the promise to drop the prosecution of Schwalbe. The alleged falsification of the books and the larceny from the corporation were, concededly, known to Strauss when he purchased Schwalbe's interest and the general releases were entered

into. It·was not until after he heard that Schwalbe was competing in business with the plaintiff that he procured the summons to be issued. Not only this, but the fact is not disputed that, within a few minutes after Schwalbe had executed the agreement, Strauss notified his attorney to discontinue the prosecution. One of plaintiff's own witnesses, who acted as a mutual friend in bringing Schwalbe and Strauss together when the arrangement was made, on being asked if there had not been something stated to·show that the real consideration for the agreement was the discontinuance of the criminal proceeding, said:

"That may have been the idea, but nothing was said about it."

Strauss himself testified:

"I was willing to withdraw the entire matter provided my attorney thought it advisable and have Mr. Schwalbe sign the agreement that he would not· interfere in business with me."

'If Schwalbe had committed the crime charged, then he was guilty of a felony, and an agreement obtained from him which had for its consideration the compounding of that crime was absolutely void and unenforceable. Barrett v. Weber, 125 N. Y. 18, 25 N. E. 1068; Haynes v. Rudd, 83 N. Y. 251. ·

The compounding of a felony constitutes a crime in itself. Penal Law· (Consol. Laws 1909, c. 40) § 570. ' If the defendant were guilty of the crime charged—grand larceny—then any agreement which had for its consideration the concealment of the crime, or the discontinuance of the proceeding instituted for its punishment, could not be enforced.

[3] It is urged that, if the contract were invalid in its inception, nevertheless it can now be ·enforced because defendants have ratified it. There is absolutely no evidence tending to show that defendants ever did anything indicating an intention to ratify or carry out the agreement; on the contrary, the only evidence bearing on the subject is that they proceeded immediately to violate it. But an illegal contract of this character cannot be given validity by ratification. The agreement is void in its inception and thereafter continues to be void. Sirkin v. Fourteenth Street Store, 124 App. Div. 384, 108 N. Y. Supp. 830.

The judgment appealed from is not sustained by the evidence, and for that reason is reversed, and a new trial ordered, with costs to appellants to abide event. All concur.