(No. 12631.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN REED, Plaintiff in Error.

*Opinion filed April 15, 1919.*

1. CRIMINAL LAW—*a prosecution upon information verified on information and belief contravenes the bill of rights—waiver.* A prosecution for a criminal offense upon an information verified upon information and belief contravenes section 6 of the bill of rights, but the constitutional right is waived by making no objection in the trial court and by taking the record to the Appellate Court for review.

2. SAME—*an information verified by affidavit is not subject to constitutional objection.* An information verified by affidavit, not upon information and belief but of the affiant's own knowledge, is not subject to the objection that it contravenes section 6 of the bill of rights of the constitution.

3. SAME—*when information may charge defendant with committing various acts as one offense.* A statute which defines different acts by which one may be guilty of a crime is usually construed as creating but a single offense, and an information under such statute may charge the defendant with committing all of such acts as one offense.

4. SAME—*objections to form of an information are waived by going to trial—duplicity.* All objections to the form of an information are waived by going to trial, and a motion in arrest of judgment will not reach the question of duplicity.

5. SAME—*when a judgment of conviction will not be reversed.* The Supreme Court will not reverse a judgment of conviction upon competent evidence unless it clearly appears that there is a reasonable doubt of guilt.

6. SAME—*evidence that the defendant committed another independent offense is inadmissible.* On a prosecution for a particular crime, evidence which shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial is irrelevant and inadmissible.

7. SAME—*what necessary to make one criminal act evidence of another.* To make one criminal act evidence of another offense there must be some connection between the crimes, so that proof of the other crime tends in some way to prove the defendant guilty of the crime for which he is being tried.

8. SAME—*proof of former conviction must be made by record.* Where proof of a former conviction is admissible to prove the defendant's guilt of the crime charged the proof must be made by producing the record.

9. SAME—*when judgment must be reversed for error in admission of evidence although trial is before the court without a jury.* Where a defendant is on trial for the crime of pandering, and the court, over objection, admits parol evidence of the fact that he had formerly been convicted of stealing an automobile, if there is nothing in the record indicating that such evidence was stricken or disregarded the judgment must be reversed although the trial was before the court without a jury.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding.

WILLIAM R. FETZER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and SUMNER S. ANDERSON, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error, John Reed, was charged by an information filed in the municipal court of Chicago on February 13, 1918, with a violation of section 2 of the act in

relation to pandering, as amended in 1917, (Laws of 1917, p. 349,) and upon a trial by the court without a jury he was found guilty and sentenced to confinement for one year in the house of correction and to pay a fine of $500 and costs. The Appellate Court for the First District affirmed the judgment, and a writ of error was sued out of this court to bring the judgment of the Appellate Court in review.

The jurisdiction of the municipal court is questioned because section 27 of the act establishing the court permits an information for a criminal offense upon information and belief. The prosecution upon such an information is in contravention of section 6 of the bill of rights, (*Parris* v. *People,* 76 Ill. 274; *People* v. *Clark,* 280 id. 160;) but if the verification had been upon information and belief, the constitutional right was waived both by making no objection in the trial court and by taking the record to the Appellate Court for review. (*People* v. *Powers,* 283 Ill. 438.) The information, however, was verified by the affidavit of Johanna von Lukowitz, not upon information and belief but of her own knowledge, and was not subject to the objection.

The constitution guarantees to one accused of crime a right to be informed of the nature and cause of the accusation against him, and it is contended that the information was insufficient in that respect. The objections are, that it charged various offenses, that it did not state a precise day on which the offense was committed, and that it did not state that it was committed after the amendatory act went into effect on July 1, 1917, and before the filing of the information. The statute as amended defines different acts by which one may be guilty of the crime of pandering, and in such a case a statute is usually construed as creating but a single offense, and an information may charge the defendant with committing all the acts as one offense. (*Blemer* v. *People,* 76 Ill. 265.) In this case the information charged the defendant with several acts con-

stituting the offense, alleging that the defendant, "on or about the 15th day of December, A. D. 1917, at the city of Chicago aforesaid, did then and there and on divers other days and times, as well before and after that date, did cause, induce, persuade or encourage one Johanna von Lukowitz to become an inmate of a house of prostitution, and did knowingly, without lawful consideration, take, accept or receive money or other thing of value from the said Johanna von Lukowitz, the earnings of her prostitution, and did directly take, receive or accept money or other valuable thing for providing, procuring or furnishing for another person for the purpose of illicit sexual intercourse." The objection is that it used the disjunctive "or" as to the persuasion and acceptance or reception of money or other valuable thing, and if there was any force in the objection it was waived by going to trial. All the acts related to the same person, and any objection of the want of a definite date or a failure to allege that the offense was committed after the amendatory act went into effect would have related only to the form of the information, and no objection was made to it. Section 9 of division 11 of the Criminal Code provides: "All exceptions which go merely to the form of an indictment shall be made before trial and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." All objections to the information were waived by going to trial. (*Long* v. *People,* 102 Ill. 331; Bishop's New Crim. Proc. sec. 442; *People* v. *Kingcannon,* 276 Ill. 251.) The motion in arrest of judgment did not reach the question of duplicity. (22 Cyc. 484.)

The material and substantial evidence consisted of the testimony of Johanna von Lukowitz and defendant. She testified that he told her if she wanted to be his girl she would have to go out and "hustle" for him, and that he directed her to different persons whom she was to get and

287 — 39

received from her the earnings of her prostitution, and he denied having received any money from her. Aside from their testimony there was no fact or circumstance of any particular weight, and the conclusion as to the fact depended on their credibility. The court will not reverse a judgment upon competent evidence unless it clearly appears that there is a reasonable doubt of guilt, because the trial court has the advantage of seeing the witnesses and from all the surrounding circumstances is better able to reach a correct conclusion than a reviewing court. Under that rule the judgment of the trial court ought not to be disturbed if it appears to be founded on competent evidence, but there was serious and prejudicial error in the view of the court as to the competency of certain evidence and its relevancy to prove the defendant guilty of the offense with which he was charged. On the cross-examination of the defendant he was asked if he had ever been convicted of any crime, and upon objection the court ruled the question competent and he was compelled to answer. He was asked if he was not convicted and was not out on probation or parole, and after repeated objections the court required him to answer, and he said it was for driving a car without the owner's permission. The State's attorney said, "Stealing an automobile, was it not? Driving away without the owner's permission?" and the defendant answered, "Yes, sir."

On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial is irrelevant and inadmissible. (*Kribs* v. *People,* 82 Ill. 425; *Farris* v. *People,* 129 id. 521; *People* v. *Schultz,* 260 id. 35; *Bishop* v. *People,* 194 id. 365; 16 Corpus Juris, 586.) If the evidence of another crime tends directly to prove the defendant's guilt of the crime charged it is admissible. (*Williams* v. *People,* 196 Ill. 173; *Glover* v. *People,* 204 id. 170; *People* v. *Moeller,* 260 id. 375.) No fact which does not tend to sustain or disprove

the fact in issue is relevant or admissible, and to make one criminal act evidence of another there must be some connection between them, so that proof of a conviction tends in some way to prove the defendant guilty of the crime for which he is being tried. Even where proof of a former conviction is admissible it must be made by producing the record. (*Bartholomew* v. *People,* 104 Ill. 601; *Kirby* v. *People,* 123 id. 436; *Simons* v. *People,* 150 id. 66; *McKevitt* v. *People,* 208 id. 460.) The stealing of an automobile neither tended to prove knowledge, intent, motive or other element of the crime of pandering, and in that respect, as well as the method of proof, there was a disregard of the law as laid down by all authorities.

It is urged that inasmuch as the trial was before the court without a jury, the error, although serious and prejudicial, is not sufficient ground for reversing the judgment. The court, in the constant effort to sustain judgments which appear to be right on the merits, has frequently held in civil cases that if upon a review of the record the competent evidence sustains the judgment it will not be reversed, and has said that the same harmful effect does not follow where a case is tried by a court without a jury as where the trial is before a jury. (*Schroeder* v. *Harvey,* 75 Ill. 638; *Pardridge* v. *Ryan,* 134 id. 247; *Palmer* v. *Meriden Britannia Co.* 188 id. 508; *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 id. 61; *Iroquois Furnace Co.* v. *Elphicke & Co.* 200 id. 411.) That rule is correct where upon a review of the record the court can say that the judgment is right regardless of the admission of incompetent evidence and erroneous rulings, but there is no course of sound reasoning justifying a conclusion that a court considering evidence competent and relevant as tending to prove the issue when ruling on the admission of testimony, regards it as incompetent and not tending to prove the issue when finding the fact. The court ruled that the evidence of the former conviction for stealing an automobile was relevant and admis-

sible to prove defendant guilty of the crime of pandering, with which he was charged, and the evidence was not afterwards stricken out nor is there anything in the record indicating that it was disregarded. The evidence was directly and flatly contradictory, and the court cannot say that the finding must necessarily have been that the defendant was guilty of the offense with which he was charged, regardless of the incompetent evidence. The defendant was entitled to the benefit of the rule that the facts proved should consist exclusively of the transaction which formed the subject of the information and matters relating thereto.

The judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*