(No. 14024.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE ARMSTRONG, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. CRIMINAL LAW—*when confession is admissible although it includes evidence of another offense—instruction.* A confession of participation in a burglary is admissible even though it includes evidence of another similar offense by the same parties, where the confession is otherwise competent and as a whole tends to show the relations between the parties participating in both offenses; but the defendant will be entitled to a cautionary instruction if desired.

2. SAME—*when admission of evidence of another offense is not prejudicial error.* Evidence which tends to show that the accused has committed another crime wholly independent from that for which he is on trial is not admissible, but where he is charged with participation in a burglary and the confessed principal is testifying for the People it is not prejudicial error to permit re-direct examination concerning the relations between the witness and the defendant in various criminal enterprises, where such relations were brought out on cross-examination.

3. SAME—*accessory is not exempt because principal is not criminally responsible.* If one who commits an act constituting a crime is insane or otherwise not criminally responsible, another who aids or abets in the commission of the crime as an accessory is not thereby exempt.

4. SAME—*when it is not error to refuse instruction to have jury consider corroboration of defendant's testimony.* In an instruction advising the jury concerning the credibility of the defendant's testimony it is not error to strike out a clause telling the jury that it is their duty to take into consideration the fact, if such is the fact, that the defendant is corroborated by other credible evidence, where no instruction is given concerning contradiction of the defendant's testimony and no evidence corroborating the defendant appears in the record.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JOHN G. FRIEDMEYER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, C. F. MORTIMER, State's Attorney, and ALBERT D. RODENBERG, (EDWARD PREE, and J. M. WELDON, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Eugene Armstrong, plaintiff in error, and William Finlay Hiett, *alias* Fred Hiett, were indicted in the circuit court of Sangamon county for burglary. The first two counts of the indictment charged them with burglary of the dwelling house of Grace Westwood and stealing therefrom personal property owned by her. The third count charged them with receiving the same personal property knowing the same to have been stolen. A *nolle prosequi* was entered as to the defendant Hiett to the whole indictment and also to the third count as to the plaintiff in error. On a trial upon the first and second counts the plaintiff in error was found guilty and sentenced to the penitentiary.

The court admitted in evidence a paper signed and sworn to by the defendant on November 8, 1920, confessing his participation in the burglary and stating that he went with Hiett to the place in an automobile and stayed in the car to watch and to blow the horn if anyone came to the house; that Hiett went into the house and came back with a black hand-bag and gave the defendant $10 for his share of the job. It is claimed that the admission of the statement was error because it was obtained by threats and unlawful means and because it confessed taking part in another burglary at Virginia, Illinois. The defendant testified that the confession was obtained unlawfully and he did not make the statement contained in the

paper or anything like it but signed it without knowing what it was. A confession not freely and voluntarily made can not be admitted in evidence, but the evidence for the People was that the statement was made freely and voluntarily and was reduced to writing and signed without any compulsion or improper means. The statement contained, in addition to the participation in this burglary, the relations of the defendant with Hiett and that he took part with Hiett in the other burglary above mentioned, and when this statement was first offered it was objected to also on that ground. After further evidence introduced at the instance of the court the statement was again offered, and the only objection then made was that it was in substance the language and thought of the writer and not the language of the defendant, and the objection was overruled. There was no ruling on the objection first made, as to the inclusion of the other offense. But regarding the objection as having been made, the statement showed the relations between the defendant and Hiett, including the other offense, intermingled with the charge on which the defendant was being tried. It has been held that a confession is admissible even though it includes the admission of another independent crime not separable from a competent confession. (*Gore* v. *People*, 162 Ill. 259; *Wistrand* v. *People*, 218 id. 323.) The defendant was entitled to a cautionary instruction if desired, but it was not error to admit the statement.

It is also urged that the court erred in permitting the People to prove other crimes of the defendant for which counsel say indictments had been returned against him, which had no connection with the alleged crime for which he was tried. The general rule is that in a prosecution for crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial is not admissible. (*Kribs* v. *People*, 82 Ill. 425; *Farris* v.

*People,* 129 id. 521; *People* v. *Schultz,* 260 id. 35; *People*
v. *Reed,* 287 id. 606.)   The ruling complained of occurred
on the re-direct examination of Hiett, who was a witness.
On direct examination he testified that he and the defend-
ant went to the house in question and came around by the
alleyway to the back entrance of the house; that they
broke in a window on the sun porch and entered the house
and committed the burglary and divided the stolen prop-
erty.   Nothing was said about any other crime or any
other relations existing between him and the defendant.
On cross-examination he was interrogated as to being in
the penitentiary in Wisconsin, which he admitted, and also
that he was serving a term for a burglary committed in the
city of Monmouth.   He said that he became acquainted with
the defendant and visited him several times; that the de-
fendant wanted to burglarize the Westwood house, and
that it was their intention to break into full houses that
were occupied and had property in them to steal; that it
was their intention to go out and commit burglary and
that they committed this burglary, and that on the Satur-
day night following he went to Virginia with the defend-
ant.   On re-direct examination he was asked who was with
him at the time he committed the burglary at Monmouth,
and he answered that the defendant was, and a motion
to strike out the answer was sustained.   He said that he
was around Virginia, Galesburg and Monmouth with the
defendant committing burglaries, and an objection was
made to the statement and overruled.  · In view of the
fact that the relations of the defendant and Hiett, aside
from the burglary in question, were brought out on the
cross-examination, we do not regard the ruling of the
court permitting re-direct examination as to the relations
of the parties and their being engaged in various enter-
prises together, although of a criminal nature, as material
prejudicial error.   The evidence justified the verdict and
no other conclusion could have been reached by the jury.

It is contended that the court erred in giving the fourth instruction asked by the People. It was a copy of sections 2 and 3 of division 2 of the Criminal Code, concerning accessories, and it is objected to because it stated that an accessory may be indicted and convicted whether the principal is convicted or amenable to justice or not, because if a principal is not amenable to justice he can have no accessory. The argument does not apply here because Hiett was amenable to justice, but it is without foundation. If one who commits an act constituting a crime is insane or otherwise not criminally responsible, another who aids or abets in the commission of the crime as an accessory is not thereby exempt. *(Conley* v. *People,* 170 Ill. 587.) Another objection is that the instruction was not based on the evidence for the prosecution, because Hiett testified that he and the defendant both entered the building and carried away the goods. While the instruction was not in accordance with that testimony it corresponded with the confession of the defendant, and if Hiett's testimony was not credited the confession might have been.

The same objection is made to the fifth instruction and is answered by what has been said.

The tenth instruction offered by the defendant related to the competency of the defendant as a witness, and stated the rule that he was to be treated the same as any other witness and subjected to the same tests and only the same. It was also stated that it was the duty of the jury to take into consideration the fact, if such was the fact, that he had been corroborated by other credible evidence. The court struck out that part of the instruction and substituted the statement that the jury should not find the defendant guilty unless from a consideration of all the evidence they believed him to be guilty beyond a reasonable doubt. There may be a case where the court ought to instruct the jury that they should consider corroborative evidence and where it would be error not to do so. In

299—23

*McElroy* v. *People*, 202 Ill. 473, the jury were instructed, at the instance of the People, that in weighing the testimony of the accused they should consider whether she had been contradicted by other witnesses, and it was held that she was entitled to have the jury instructed that they should also consider whether she had been corroborated by credible evidence. Under such conditions the court erred in refusing to so instruct the jury, but in this case no instruction was given concerning contradiction and no evidence corroborating the defendant is pointed out or appears in the record, so there was no occasion to have the jury advised to consider corroboration by other credible evidence.

Instruction J, which was refused, is the subject of argument. It stated that even though the jury might believe that the defendant went from Rock Island to Denver after the alleged crime charged in the indictment, that did not in any way prove that the defendant was guilty of the alleged burglary but was a proper circumstance to be received in the case, together with all the other evidence, in determining whether the defendant committed the alleged burglary or not. The defendant testified that he went to Rock Island after the time when the burglary was charged to have been committed and he received an order over the telephone to leave but could not say who gave it to him, and that on receipt of the message he went to Denver and was brought back on a requisition. His testimony that he received a warning from some unknown person and left Rock Island and went to Denver did tend to prove that he was guilty of the burglary, and the court did not err in refusing the instruction.

It is stated in general terms that the court erroneously refused to give a number of instructions stating correct rules of law, but as nothing further is said about them in the argument it will only be necessary to say that so far

as correct they were covered by other instructions which were given.

Having considered the questions raised by the assignment of errors and finding nothing to justify a reversal of the judgment it is affirmed.     *Judgment affirmed.*