DREIFUSS *v.* HAWLEY.

LANDLORD AND TENANT—BILLS AND NOTES—RECOUPMENT—DURESS.
In an action by a landlord against his tenant on promissory notes given in part for back rent, defendant's claim for recoupment of damages on the ground that said notes and a new lease of the premises were signed by her under duress, *held*, not sustained by the proofs.[1]

Error to Wayne; Dingeman (Harry J.), J.    Submitted January 6, 1925.    (Docket No. 2.)    Decided April 3, 1925.

Assumpsit in justice's court by Maurice Dreifuss and another against Marion R. Hawley upon promissory notes.    There were judgments for plaintiffs, and defendant appealed to the circuit court where the cases were tried as one.    Judgments for plaintiffs.    Defendant brings error.    Affirmed.

*Thomas Whitfield Day*, for appellant.

*Arthur J. Hass*, for appellees.

SHARPE, J.    Plaintiffs recovered judgments in three suits brought by them in justice's court for the city of Detroit on certain promissory notes executed by defendant.    In each suit defendant pleaded the general issue and gave notice of recoupment.    On appeal to the circuit court, these suits were tried as one, but separate judgments were entered for plaintiffs on verdicts directed by the court.    These judgments defendant reviews by writ of error.

Plaintiffs purchased the premises at 3119 East Jefferson avenue in Detroit, known as the National

---

[1] Bills and Notes, 8 C. J. § 1361.

apartments, in June, 1920. Defendant was then in possession as lessee. She owed back rent amounting to $3,656.59. Plaintiffs paid this to the owner, taking an assignment of his claim therefor. On December 1, 1920, defendant executed the notes sued upon, the consideration therefor being a part of the rent due at the time of the purchase. Defendant claimed in her notice of recoupment that these notes and a new lease of the premises had been executed by her under duress; that plaintiffs had maliciously prosecuted several suits to recover rent due under the new lease; that they had illegally attempted to dispossess her, and that they had posted a sale notice on the premises without her consent. She claimed the right to recoup the damages she had sustained by reason thereof against the claims of the plaintiff. Over plaintiffs' objection, the trial court admitted all the proof offered by defendant. In his opinion it was insufficient to establish any legal liability against the plaintiffs. We are satisfied that his action in directing a verdict for plaintiffs was fully warranted.

Defendant's testimony tends to show that she was unwilling to sign the new lease at the rental fixed therein, but was induced to do so by plaintiffs' threats to rent the apartment for use as a clubhouse for colored men; that she had a lease of an adjoining building, the value of which would be much lessened by the use of the apartment building for such a purpose; that she was not at that time in good health, and that a "For Sale" sign was put up on the front part of the lot. It clearly appears that this sign was not on the land covered by defendant's lease. She was under no obligation to execute the lease. No force was used to compel her to do so. Plaintiffs' insistence that it was to her interest to pay the increased rental in no way deprived her of the exercise of her free will, and falls far short of the proof necessary to establish duress. *Hackley* v. *Headley,*

45 Mich. 569; *Wolf* v. *Troxell's Estate,* 94 Mich. 573; *Clement* v. *Buckley Mercantile Co.,* 172 Mich. 243; *Dallavo* v. *Dallavo,* 189 Mich. 350; *Hanson* v. *Loescher,* 221 Mich. 387; *Robinson* v. *Solomon,* 222 Mich. 618.

The record of the proceedings brought to recover possession for default in the payments of rent under the new lease was not offered in evidence. Defendant admitted that she had not paid the rent when due; that she was "trying to force an issue." We cannot but conclude that there was no sufficient evidence to justify the submission to the jury of any of these claims.

The several judgments rendered in the circuit court are affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.