[No. 14572. In Bank. — February 20, 1892.]

L. J. P. MORRILL ET AL., APPELLANTS, v. NEWELL NIGHTINGALE ET AL., RESPONDENTS.

CONTRACTS — INVALIDITY — THREATS OF ARREST ON CRIMINAL CHARGE — PUBLIC POLICY — ABUSE OF CRIMINAL PROCESS. — A contract and promissory notes executed under coercion and intimidation, resulting from threats of arrest and imprisonment, in favor of one who, for the purpose of frightening and intimidating the party executing the papers, and not for the purpose of convicting him of any crime, procured a warrant for his arrest upon a charge of embezzlement, are against public policy and void, as having been obtained by an abuse of criminal process.

ID. — MENACE — UNLAWFUL THREATS OF ARREST. — A threat of arrest and imprisonment, made for unlawful purposes, constitutes menace, within the meaning of section 1570 of the Civil Code.

ID. — COMPROMISE OF CRIMINAL OFFENSE — ILLEGALITY OF INSTRUMENTS — PLEADING. — Instruments, one of the objects of the execution of which is indirectly to relieve the party executing them from responsibility for a criminal violation of law, are void, under section 1668 of the Civil Code; and a recovery upon them will be defeated on that ground, although not relied upon as a defense to the action.

ID. — ACTION OF COURT SUA SPONTE. — Courts will refuse *sua sponte* to entertain an action upon a contract which essentially violates morality or public policy; and it is their duty always to turn a suitor upon such a contract out of court, whenever and however the character of the contract is made to appear.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Waldo M. York*, for Appellants.

The acts alleged were not only not duress or menace within the definition of those terms in our Civil Code, but have generally been treated by courts as neither duress nor menace. (*Kohler* v. *Wells, Fargo & Co.*, 26 Cal. 606; *Burkle* v. *Levy*, 70 Cal. 250; *King* v. *Williams*, 65 Iowa, 167; *Harmon* v. *Harmon*, 61 Me. 227; 14 Am. Rep. 556; *Compton* v. *Bank of Bunker Hill*, 96 Ill. 301; 36 Am. Rep. 147; *Prichard* v. *Sharp*, 51 Mich. 432; *Higgins* v. *Brown*, 78 Me. 473; *Hilborn* v. *Bucknam*, 78 Me. 482; 57 Am. Rep. 816.)

*George J. Denis,* and *J. H. Call,* for Respondents.

The charge of embezzlement was a crime which would invalidate the entire transaction. (Pen. Code, secs. 518–522; *Gorham* v. *Keyes,* 137 Mass. 583; *Adams* v. *Bank etc.,* 116 N. Y. 606.) The court will leave the parties where they placed themselves. (*Mitchell* v. *Cline,* 84 Cal. 409.) The threatened arrest was fraudulent, as well as unlawful, and therefore the answer comes within the statutory provisions of sections 1565–1570 of the Civil Code, relating to the validity of contracts. (*Adams* v. *Bank etc.,* 116 N. Y. 606; *Taylor* v. *Jaques,* 106 Mass. 291; *Harris* v. *Carmody,* 131 Mass. 51; 41 Am. Rep. 188; *Central Bank* v. *Copeland,* 18 Md. 305; 81 Am. Dec. 597; *Bane* v. *Detrick,* 52 Ill. 19; 1 Wharton on Contracts, sec. 151, 151 a, and notes; 1 Addison on Contracts, sec. 314; *Miller* v. *Bryden,* 34 Mo. App. 602.) Equity will not enforce a contract not signed by the free and voluntary act of the party, whatever rule may prevail in law. This is an ancient ground of equity which cannot be impaired. (1 Story's Eq. Jur., sec. 239; *Gorham* v. *Keyes,* 137 Mass. 583; *Rau* v. *Von Zedlitz,* 132 Mass. 164.) A contract signed under such circumstances as in the case at bar is invalid, and will not be enforced in any court of law or equity, and money paid thereunder can be recovered back. (See authorities *supra,* including *Adams* v. *Bank etc.,* 116 N. Y. 606; *Taylor* v. *Jaques,* 106 Mass. 291; 1 Wharton on Contracts, sec. 149, 151, 151 a; *Gorham* v. *Keyes,* 137 Mass. 583; *Harris* v. *Carmody,* 131 Mass. 51; 41 Am. Rep. 188; *Central Bank* v. *Copeland,* 18 Md. 305; 81 Am. Dec. 597; *Bane* v. *Detrick,* 52 Ill. 19; *Foshay* v. *Ferguson,* 5 Hill, 158; Story on Contracts, sec. 398; *Miller* v. *Bryden,* 34 Mo. App. 602; Civ. Code, secs. 1565–1570, 1657, 1668; Pen. Code, secs. 518–522; 1 Story's Eq. Jur., secs. 239, 254; 2 Pomeroy's Eq. Jur., secs. 942, 943; *Lomerson* v. *Johnston,* 44 N. J. Eq. 93; *Rau* v. *Von Zedlitz,* 132 Mass. 164.)

*Edward S. Bragg,* also for Respondents.

GAROUTTE, J. — This is an action in equity to foreclose a contract and recover judgment upon four promissory notes amounting in the aggregate to forty-three thousand dollars. The contract and notes were made by defendant Nightingale to the plaintiffs on account of an alleged purchase of the capital stock of the Milwaukee Furniture Company. The prayer of the complaint asks that judgment be had for the amount of the notes, and that certain real estate and the said capital stock be applied to the satisfaction of such judgment, said property having been transferred under the contract to secure the payment of the aforesaid notes. Among other matters, the answer sets out that the contract and notes were not signed by the defendant Nightingale voluntarily, but under coercion and intimidation, by threatening defendant with arrest and imprisonment upon a warrant of arrest which the plaintiffs at the time induced Nightingale to believe had been issued. Judgment went for defendants, and this appeal is prosecuted from the judgment and order denying plaintiffs' motion for a new trial.

The merits of this appeal are fully tested by a determination as to whether or not the findings support the judgment; for, after a careful consideration of the evidence,.we are satisfied that the following findings of fact made by the court are fully supported thereby: —

"1. That on the twenty-sixth day of May, 1890, the plaintiffs fraudulently and illegally procured to be issued by a justice of the peace of Los Angeles City township a warrant for the arrest of the defendant Nightingale, under the name of John Doe, for the purpose of coercing the defendant Nightingale to pay certain sums of money and sign contracts for the payment of money to plaintiffs, upon the claim by plaintiffs that defendant Nightingale had embezzled large sums of money from the Milwaukee Furniture Company, of which defendant Nightingale had been acting as treasurer.

"2. That such warrant was not procured for any lawful purpose or for the purpose of prosecuting or convicting the defendant Nightingale of any crime, but for the pur-

pose of frightening and intimidating defendant Nightingale."

" 4. That on the ninth day of July, 1890, defendant Nightingale executed and delivered to the plaintiffs the contract and four promissory notes of that date, which are set forth in the complaint and supplemental complaint herein; but such contract and notes were not executed by the free or voluntary act of defendant Nightingale, but his signature and his execution thereof was induced solely by the well-grounded belief on the part of defendant Nightingale that, unless he signed them and each of them, he would be arrested and imprisoned upon said warrant for such embezzlement, which the plaintiffs then and previously charged him with being guilty of; and that by signing the same, the embezzlement with which he was so charged would be compromised and settled.

" 5. That at the time of executing said contract and notes, on July 9, 1890, the plaintiffs induced the defendant Nightingale to believe, and he did believe, that he would be arrested and imprisoned on said warrant if he refused to sign said contract and notes."

Measured by the facts set out in the findings, we think the defendant Nightingale was acting under a menace at the time of the signing of the contract and notes, which destroyed his free consent to the execution thereof, and which thereby afforded him ample grounds for the rescission of the same. The consent of a party to a contract must be free, and it is not free when obtained through duress or menace. Section 1569 of the Civil Code declares duress to consist in the "unlawful confinement of the person of the party, or of the husband or wife of such party," etc., or "the confinement of such person, lawful in form, but fraudulently obtained." Section 1570 provides, menace consists in a threat of the duress above specified, or of a threat of injury to the character of any such person. In this case there was no arrest and confinement, hence no duress; but the history of the transaction, as disclosed by the findings, clearly

indicates threats of imprisonment upon a charge of embezzlement, which, in effect, necessarily were threats of injury to the character of defendant Nightingale, and consequently a menace. The court finds that the contract and notes were executed under the influence of such menace, and such being the fact, the defendant's free consent to the execution thereof was never gained, and the judgment should stand.ˎ Section 518 of the Penal Code provides: " Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right." The findings of the court disclose a state of facts lacking but few elements, if any, to fill the measure demanded by the foregoing provision of the criminal code of this state. The findings show that the warrant of arrest was secured in bad faith, and for purposes not countenanced in law. It was secured solely to be used as a menace for the collection of an indebtedness, and it was ever accompanied with the threat that if such indebtedness was not satisfied the warrant would be executed and imprisonment follow. Such a proceeding is an abuse of criminal process, and impedes the due course of public justice. In the case of *Bane* v. *Detrick*, 52 Ill. 27, the court said: " The mortgage was void for another reason. It was executed through a perversion and abuse of criminal process. It is proved that Bane got out this process and used it to effect a settlement of a claim which there is much evidence to show was unfounded. It is against public policy that process should be thus used, and no court will allow the results flowing from it to be enjoyed by him who so uses it. It is a gross abuse of legal process, and no person should have the aid of a court of justice to profit by it." ┆ Under that kind of menace which consists in a threat of injury to the character of a person, it is entirely immaterial whether such person is guilty or innocent of the crime to be charged. ˎ It certainly would be no defense to the accusation of extortion that the charges or publications threatened to be made by the defendant, and by which he obtained valuable

property, were true. The truth or falsity of these matters form no element in establishing the guilt or innocence of a defendant charged with extortion.

In *Hackett* v. *King*, 6 Mass. 58, it was decided that though a person was arrested under a legal warrant and by a proper officer, yet if one of the objects of the arrest was to extort money, or *enforce the settlement of a civil claim*, such arrest is a false imprisonment by all who have directly or indirectly procured the same or participated therein for any such purposes, and a release and conveyance of property obtained by means of such arrest is void. In *Taylor* v. *Jaques*, 106 Mass. 294, the court, in speaking of a certain instruction given by the lower court, said: "We do not concur with that view of the law. If he had embezzled their funds, they had a right to have him prosecuted. If he owed them a debt, they had a right to accept security for it. But they would have no right to make use of a criminal process for the collection of a debt. An arrest, even upon a legal warrant and upon a criminal charge, to compel the payment of a mere debt, would be a misuse of legal process, and the threat of such an arrest may constitute unlawful duress." In *Richardson* v. *Duncan*, 3 N. H. 511, the court said: "But it is now well settled that when there is an arrest for improper purposes without a just cause, or where there is an arrest for a just cause, but without lawful authority, or where there is an arrest for a just cause and under lawful authority for *unlawful purposes*, it may be construed a duress." It will thus be seen that an imprisonment for an unlawful purpose will constitute duress, and such being the fact, a threat of arrest and imprisonment, made for unlawful purposes, will constitute menace. There is some authority found in the decisions of the courts of Maine opposed to these views, but we think they are not the better rule.

The findings of the court are also sufficient to defeat plaintiffs' right of recovery upon the ground that the contract entered into was forbidden by section 1668 of the Civil Code, one of its objects being, indirectly at

least, to relieve the defendant Nightingale from responsibility for a violation of the law. As was said in *Eadie* v. *Slimmon*, 26 N. Y. 15, 82 Am. Dec. 395: "Either the accusation which the defendant brought against Eadie was entirely unfounded, or he was seeking to compromise a criminal offense. If he knew that a crime had been committed by Eadie, he had no right to compromise it in this way, and the securities obtained upon such compromise were received as a consideration for compromising a felony, and for that reason were invalid; else the whole of his assertions and threats on the subject were a gross imposture." As the answer of defendants does not rely upon such defense, we will not pursue the subject further, although Chief Justice Ryan undoubtedly declared the true rule in *Wight* v. *Rindskopf*, 43 Wis. 348, wherein he said: "If the objection be not made by the party charged, it is the duty of the court to make it on its own behalf. Courts owe it to public justice and to their own integrity to refuse to become parties to contracts essentially violating morality or public policy by entertaining actions upon them. It is judicial duty always to turn a suitor upon such a contract out of court, whenever and however the character of the contract is made to appear."

The demurrer to the answer was properly overruled, and we see no error in the rulings of the court upon the admissibility of testimony.

Let the judgment and order be affirmed.

SHARPSTEIN, J., McFARLAND, J., HARRISON, J., DE HAVEN, J., and PATERSON, J., concurred.

Rehearing denied.