[Civ. No. 870.   Second Appellate District.—February 24, 1911.]

MURRAY SHOWCASE AND FIXTURE COMPANY, a
Corporation, Respondent, v. F. L. SULLIVAN and
ANNIE F. PAUL, Appellants.

PROMISSORY NOTES—CONSIDERATION—LEGALITY—SETTLEMENT OF SHORT-AGE OF ACCOUNTS BY MANAGER OF CORPORATION—THREAT TO RE-COVER UPON OFFICIAL BOND.—Promissory notes executed by the manager of a corporation to cover a shortage in his accounts, who was under a bond for the faithful discharge of his duties as such manager, were upon a sufficient consideration, and the consideration was not rendered illegal or void by a mere threat of the corpora-tion, within its rights, that if the shortage were not settled, it must be recovered upon his official bond, unaccompanied by any threat of arrest or of criminal prosecution for embezzlement; and the mere fact that the manager feared such a prosecution from the bonding company cannot affect the legality of the consideration.

ID.—THREAT OF CRIMINAL PROSECUTION NOT IMPLIED FROM RELIANCE ON BOND.—No threat of a criminal prosecution could be implied from the statement to the manager that he would rely upon the bond if the shortage was not settled.

ID.—DUTY OF MANAGER TO PAY SHORTAGE—SETTLEMENT BY SECURED NOTES VALID.—It was the immediate duty of the manager to pay the shortage at once; and where he was unable to do so, a settle-ment of the shortage by the giving of secured notes to cover every claim of the corporation against its manager was valid and effective.

ID.—REPAYMENT OF DIVIDEND DECLARED WITHOUT PROFITS—COMPRO-MISE OF DOUBTFUL CLAIM—CONSIDERATION.—Where the manager was to share in dividends from net profits, and one was mistakenly declared without profits, the inclusion of such dividend in the settle-ment is valid as constituting the compromise of a doubtful claim asserted in good faith, which became a sufficient consideration for

the promise to repay it, whether it could be lawfully recovered back or not. Moreover, the settlement made, upon an extension of time, and the waiver of further claim upon the bond, was a sufficient consideration for the repayment of such dividend.

Id.—Failure of Proof—Finding or Order not Supported.—The absence of a finding upon an issue not proved, or the failure of the court to act in the absence of evidence sustaining its action, constitutes no error.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Milton K. Young, and John I. Stafford, for Appellants.

Schweitzer & Hutton, for Respondent.

SHAW, J.—Action to recover upon five promissory notes made and delivered by defendants to plaintiff's assignor. Judgment went for plaintiff, from which defendants appeal upon a bill of exceptions.

The defense is based upon the alleged fact that in part the notes were without consideration, and that all were procured by fraud and threats to have defendant Sullivan arrested for embezzlement. The notes were duly made and delivered to the Acme Door and Glass Company, which transferred them to plaintiff. On June 21, 1906, one W. E. Little, who was a stockholder and president of the Acme Door and Glass Company, entered into an agreement with defendant Sullivan, whereby the latter was employed as manager of the Acme Door and Glass Company for a period of one year. Under the terms of the agreement Sullivan's compensation was to be $150 per month and thirty per cent of the dividends derived from the stock owned by said Little in the corporation, which sum of thirty per cent was to be due and payable after the stock had been carefully invoiced and had been figured and rechecked for accuracy. Sullivan entered upon his duties and continued in the employ of the company for the period of one year covered by his contract, drawing his salary of $150 per month, and, in addition thereto, received $311.60 on account of the thirty per cent of the amount paid Little as dividends upon his stock, which dividends were based upon an inventory

of the property made in January, 1907.   At the date of the
agreement made between Little and Sullivan, whereby the
latter was employed as manager of said Acme Door and Glass
Company, Sullivan, pursuant to the terms of his contract,
procured from the Etna Indemnity Company a fidelity bond
conditioned for the faithful performance of the duties de-
volving upon him as the manager of said Acme Door and
Glass Company.   While so engaged as such manager, pur-
suant to the terms of said contract so made with Little, Sulli-
van, without right, appropriated  goods of said Acme Door
and Glass Company to the amount of about $30, and also
appropriated the sum of $429.93, to which he was not entitled.
Soon after the expiration of his term of employment, he was
called upon to make good the shortage and to adjust his af-
fairs with the company, and also to repay the thirty per cent
of the dividend declared upon the stock of Little, for the al-
leged reason that the dividend had been wrongfully declared,
inasmuch as the company had not made any profits during the
year out of which to declare dividends.   After this conversa-
tion, and nothing being done, the Acme Door and Glass Com-
pany, through Little, its president, wrote Sullivan that unless
he arranged to adjust affairs with the company on or before
September 3d, that the matter would be placed in the proper
channels for collection.   Thereupon, Sullivan called upon
Little, and, as found by the court, denied owing said sum of
$311.60, and insisted he should not be required to refund said
amount, but he made no denial as to other sums claimed on
account of the overdraft and goods taken by him.   Little,
however, insisted upon the full amount being paid, where-
upon Sullivan offered to give his notes, signed by himself
alone, for the full amount claimed, which Little refused to ac-
cept, insisting that such notes must be signed by a comaker;
and thereupon Sullivan took the notes and left the presence
of Little, and on the same day returned and delivered the
notes executed by himself and defendant Annie F. Paul.   The
court further finds that Little did not accuse the defendant
of the crime of embezzlement; nor did he menace or threaten
Sullivan with criminal prosecution upon the charge of em-
bezzlement; nor threaten to cause his arrest or imprisonment
unless he would execute the notes set out in the complaint; nor
menace or intimidate Sullivan in order to secure the execu-

tion and delivery of the notes; nor did he promise defendant that no prosecution or arrest would be made if Sullivan would execute the notes; nor is it true that Sullivan believed or feared that Little would cause his arrest or imprisonment; nor that he presented the notes to his codefendant Annie F. Paul under any menace or threats whatsoever. That upon the execution of the notes Little and the Acme Door and Glass Company surrendered and gave up all right, claim and interest to indemnity under said fidelity bond so procured by defendant Sullivan, and canceled all claims thereunder.

From these and other findings it clearly appears that the execution and delivery of the notes were not procured by fraud, duress, intimidation or threats to have Sullivan arrested for embezzlement, or any other offense. While the evidence touching the question is conflicting, the testimony of Little clearly tends to support the court's findings. It is true that when he discovered the shortage, and after being unable to obtain an adjustment from Sullivan, he called upon the agent of the bonding company, told him of Sullivan's shortage, made inquiry as to the company's liability upon the bond, and asked what he should do with reference to the matter. The agent advised him to notify the company, which he did by letter dated September 6th. When he had the interview with Sullivan on September 7th, he told Sullivan in the course of the conversation that unless the matter was satisfactorily adjusted, they would bring action to recover against the sum claimed. "He told me," says Sullivan, "that I was under $5,000 bond there and that he would recover that way"; "that he would rely on the bond to collect the amount due in some way." But this was not a threat of arrest, even though Sullivan believed, as he says he did, that his failure to pay the shortage might result through the bonding company in a prosecution for embezzlement. Little had a right to look to the bond for protection, and his telling Sullivan that he would rely upon the bond, unless the matter was adjusted, was clearly within such right. The case at bar bears no analogy to the cases of *Morrill* v. *Nightingale*, 93 Cal. 452, [27 Am. St. Rep. 207, 28 Pac. 1068], and *Mitchell* v. *Finnell*, 101 Cal. 618, [36 Pac. 123], in the first of which a criminal prosecution was instituted and dismissed in consideration of the giving of the notes, and in the second, a criminal prosecu-

tion threatened, to avoid which the note was given without other consideration. Neither do the facts bring the case within the provisions of sections 1569, 1570, Civil Code, nor 518, 519, Penal Code. The contention of appellant is that merely suggesting procedure upon the bond implied a threat to injure the character of Sullivan, as well as a threat of arrest and imprisonment, and hence the notes given by Sullivan in settlement of his shortage should be held void. The mere statement of the proposition is sufficient answer thereto. Sullivan admitted a large part of the indebtedness. It was his duty to pay it at once. He was unable to do so; whereupon, it was agreed that if he would give his notes for the amount, including the claim in dispute, the payment thereof to be extended over a period of eighteen months, with a satisfactory surety, they should be received in full settlement. He left Little saying he would try to do it. He was under no restraint. There was no threat other than that the company would, if necessary, invoke the law in aid of enforcing its rights. The contention is wholly without merit. (*Wolff* v. *Bluhm,* 95 Wis. 257, [60 Am. St. Rep. 115, 70 N. W. 73]; *Beath* v. *Chapoton,* 115 Mich. 506, [69 Am. St. Rep. 589, 73 N. W. 806]; *Wolf* v. *Troxell,* 94 Mich. 573, [54 N. W. 383]; *Cass Co. Bank* v. *Bricker,* 34 Neb. 516, [33 Am. St. Rep. 649, 52 N. W. 575].)

Appellant insists that there was no consideration for that portion of the note embracing the dividend of $311.60 paid Sullivan. "The compromise of a doubtful claim asserted and maintained in good faith constitutes a sufficient consideration for a new promise, even though it may ultimately be found that the claimant could not have prevailed." (*Union Collection Co.* v. *Buckman,* 150 Cal. 163, [119 Am. St. Rep. 164, 88 Pac. 708, 9 L. R. A., N. S., 568].) Not only does the claim appear to have been in dispute, but it was asserted in good faith. Moreover, we think the acceptance of notes and extending the time within which to pay the amount conceded to be due, and waiver of right of action to recover upon Sullivan's bond, if such right existed, would constitute a sufficient consideration for the note covering the amount of the dividend.

In his answer Sullivan alleged that Little and other directors of the Acme Door and Glass Company had entered into

a conspiracy to defraud him by abstaining from declaring any dividend out of the profits earned during the last half of the year of his employment, and in the prayer of the answer asked that they be made parties to the action and that he have an accounting. He offered no evidence whatever tending to establish the facts so alleged; nor does it appear that he ever asked for the order prayed for. Hence, the absence of a finding upon the issue, or want of action on the part of the court in making the order, constituted no error.

It is unnecessary to discuss other points made by appellant, other than to say that an examination thereof discloses no merit in them.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1911.