[Civ. No. 3411.   Fourth Dist.   Dec. 4, 1945.]

HAZEL SLOCUM, Respondent, v. FRANK NELSON,
Appellant.

Homer C. Compton for Appellant.

Leonard Wilson for Respondent.

BARNARD, P. J.—This is an appeal from a summary judgment entered pursuant to section 437c of the Code of Civil Procedure.

The complaint is based upon a promissory note for $7,650, dated July 2, 1942. The answer denied every allegation of the complaint and, as separate defenses, pleaded lack of consideration and that the defendant had been forced to sign the note as a compromise of an alleged claim through coercion, intimidation and threat of criminal prosecution. It was alleged that the plaintiff caused a criminal charge to be lodged against defendant; that the defendant had been arrested; that the defendant was told by the plaintiff and her representatives that if he signed the note they would obtain a dismissal of this prosecution, and that otherwise it would continue; that the note was executed solely in order to avoid a continuance of the prosecution; and that after the note was executed the criminal charge was dismissed.

Thereafter, the plaintiff filed an affidavit in which she prayed for a summary judgment. She alleged therein that in July, 1939, she invested $6,000 and a bracelet worth $6,000 in a mining venture in which the defendant was engaged and which he represented would be profitable; that two written agreements were executed by the terms of which she was to have 5 per cent of the capital stock of a proposed corporation when the same should be incorporated or at her option, exercised within six months, she was to have a mortgage on the mining property guaranteeing the payment to her of $6,000; that although repeated demands had been made the defendant had failed and refused to deliver to the plaintiff the interest referred to in these instruments; that on March 1, 1940, the defendant returned the bracelet to the plaintiff; that on November 1, 1941, the district attorney of Los Angeles county began an investigation of the defendant in relation to this transaction; that the district attorney finally filed a complaint charging the defendant with a violation of the Corporate Securities Act; that the defendant made frantic efforts to induce the plaintiff not to prosecute the action and finally on July 2, 1942, gave the plaintiff the note here in question; that the plaintiff then addressed a letter to the district attorney stating that she did not desire to appear as a witness against

the defendant; that the case was then, on motion of the district attorney, dismissed; that while the matter was pending the defendant's attorney wrote to the district attorney requesting that the prosecution be dismissed and suggesting that an effort was being made to settle the civil obligations of the defendant; and that the amount named in the note represented the $6,000 advanced to the defendant and $1,650 "interest and costs" which had accumulated.

The defendant's attorney filed a counteraffidavit alleging that early in November, 1941, he received a telephone call from plaintiff's attorney stating that he had some documents which indicated criminal activity on the part of the defendant; that at a conference on November 10, 1941, this attorney showed him several documents and stated that the same constituted a violation of the Corporate Securities Act; that this attorney made statements to him which gave him a clear and distinct impression that unless the money claimed by the plaintiff was paid to her the defendant would have to face a criminal prosecution; that on November 21, 1941, the defendant brought to him a letter from a deputy district attorney of Los Angeles County addressed to the defendant, stating that complaint had been made in reference to this transaction, and asking him to call at the office if he had any statement to make; that affiant arranged with the deputy district attorney for a continuance of the matter; that the defendant later brought to him a second letter from the deputy district attorney which referred "to an investigation requested by Mrs. Hazel Slocum," stated "I have been requested to continue with this investigation" and asked the defendant to call at the office; that he later learned that a warrant had been issued for the arrest of the defendant in connection with this matter; that the defendant was taken to municipal court where he was arraigned and released on $500 bail; that the matter was afterward adjusted by the giving of the promissory note here in question; and that long prior to the bringing of this action an action was filed seeking to foreclose a real estate mortgage, which foreclosure action is still pending in the Superior Court of Riverside County.

The defendant also filed a counteraffidavit denying that he had approached the plaintiff with reference to investing in this mining venture, and alleging that the plaintiff and a friend of hers visited the mine and sought an opportunity to invest therein; that this friend of the plaintiff agreed to raise

additional monies which were necessary to carry on the mining project; that the plaintiff made her investment in this project knowing that it could not proceed unless her friend raised these sums; that on September 22, 1939, a mortgage on the mining property was given to the plaintiff to secure a note for $6,000, being the amount of cash invested by the plaintiff, the bracelet having been returned; that the mining enterprise did not proceed because the plaintiff's friend failed to keep his agreement to raise the necessary additional money; that an action was filed in the Superior Court of Riverside County to foreclose the $6,000 mortgage and is still pending so far as the affiant is advised; that when he was unable to pay the note secured by the mortgage the plaintiff on numerous occasions threatened to take the matter up with the Corporation Securities Commission; that he subsequently received two letters from the office of the district attorney of Los Angeles County which he took to his attorney and an effort was made to adjust the matter; that he was told by the plaintiff and by her attorney that unless he made a cash adjustment there would be a criminal prosecution; that because he was unable to raise any money a criminal charge was filed against him; that he made frantic efforts to induce the plaintiff not to prosecute him but she refused unless the matter was adjusted on a basis satisfactory to her; that solely because of these facts the note in question was executed after he had been arrested and arraigned on a charge of violating the Corporate Securities Act, after his trial was set, and while he was at liberty on bail; that the amount of the note, $7,650, included an amount in excess of that which the plaintiff claimed to have invested, plus interest, which excess amount she pretended she had lost in disposing of stocks in order to get the money to put into this enterprise; that he signed this note solely by reason of the threat of the continuance of this prosecution and in order to avoid the publicity of a trial, which would have seriously jeopardized his business activities; that as soon as the $7,650 note was executed, pursuant to the understanding previously had between all of the parties, plaintiff's attorney stated that he would inform the district attorney that the matter had been settled and that they did not want to prosecute the criminal action which was to have been tried within a few days; and that the plaintiff thereupon and on July 2, 1942, addressed a letter to the deputy district attorney in which she said: "With reference to the case of *People* v. *Frank Nelson,* I am pleased to advise that satisfactory arrangements for reimbursement to

me have been made. I do not wish to appear and testify against Mr. Nelson. Thank you for your past courtesies.''

After a hearing of the matter based upon the pleadings and these affidavits, a summary judgment was entered in favor of the plaintiff for $7,650 with interest from July 2, 1942, with attorney's fees and costs. From this judgment the defendant has appealed.

A motion for summary judgment presents the question as to whether any triable issue of fact is raised which might defeat or reduce the demand of the plaintiff. For the purposes of such a motion the facts alleged in the defendant's affidavits must be accepted as true. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242].) In the first of these cases, the court said: ''The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case.'' In *McComsey* v. *Leaf,* the court quoted from a New York case as follows: ''The court is not authorized to try the issue but is to determine whether there is an issue to be tried. . . . The defendant must show that he has . . . a plausible ground of defense, something fairly arguable and of a substantial character . . . that his denial or his defense is not false and sham but interposed in good faith and not for delay.'' In *Baxter* v. *Szucs,* 248 Mich. 672 [227 N.W. 666], the general rule is thus stated: ''The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand.''

Under these well established rules it seems clear that in several respects facts were here presented which raised triable issues and which, if true, constituted a defense in whole or in part to the plaintiff's demands.

There was first the issue as to whether the execution of the note sued upon had been obtained by coercion and through menace or duress on the part of the plaintiff, under circumstances which make the note void under section 1668 of the Civil Code, or as against public policy. It has been uniformly held that where such an instrument is executed or obtained through a clear threat of criminal prosecution, and particularly where this is carried to the extent of actually

initiating a prosecution, the instrument so obtained is void and unenforceable. (*Morrill* v. *Nightingale*, 93 Cal. 452 [28 P. 1068, 27 Am.St.Rep. 207] ; *Murray Showcase etc. Co.* v. *Sullivan*, 15 Cal.App. 475 [115 P. 259] ; *People* v. *Beggs*, 178 Cal. 79 [172 P. 152] ; *Merchants Col. Agency* v. *Roantree*, 37 Cal.App. 88 [173 P. 600] ; *Tiffany & Co.* v. *Spreckels*, 202 Cal. 778 [262 P. 742] ; *Miller* v. *Walden*, 53 Cal.App.2d 353 [127 P.2d 952].)

The plaintiff, apparently, concedes that this is the general rule but argues that the affidavits filed by the defendant set forth only conclusions and hearsay and, at most, show merely a fear of prosecution on the part of the defendant. In effect, it is argued that the affidavits are entirely insufficient to indicate any threat of criminal prosecution by her, and that it clearly appears that any prosecution which occurred was instituted by the district attorney without any connection therewith on her part. That these contentions are without merit clearly appears from the affidavits themselves, which we have briefly summarized. Taking the allegations of the defendant's affidavits as true it appears that a strongly implied threat of criminal prosecution was made by the respondent's attorney early in November, 1941, before any activity on the part of the district attorney appears. Not only were direct threats of prosecution thereafter made by both the plaintiff and her attorney, but the letters of the district attorney frankly state that activity on his part had been requested by the plaintiff. The defendant was actually arrested, arraigned and released on bail. Further threats were made to have the prosecution continued, and about a month after the arrest and shortly before the time set for the trial of the criminal action the note in question was executed. Before the note was given it was agreed that the district attorney would be informed that the matter had been settled, if the note were given. Immediately after the note was executed the district attorney was informed that the matter had been settled and that the respondent did not wish to appear and testify. The affidavits were sufficient to bring this case within the rule above referred to and a very clear triable issue of coercion and menace, if not of duress, appears.

It further appears that the note sued on was for an amount considerably above that originally invested by the respondent, with interest to the date of the note. It appears from the affidavits that the making of the note for this amount was exacted on the claim that the plaintiff had suffered a loss in

selling certain stocks in order to get the cash to make the investment. So far as here appears such a loss, if any, may not be chargeable to the appellant and an issue of fact was presented which might have reduced any judgment which the respondent might otherwise have recovered.

Another such issue of fact appears in connection with the note and mortgage which was given to the respondent before the note here in question was executed. It appears from the affidavits that a foreclosure action in connection with a former note and mortgage had been begun and was still pending when the judgment, from which this appeal was taken, was entered. Any recovery in that foreclosure action might well reduce the amount otherwise recoverable in the present action, and an issue of fact was presented which was sufficient to defeat a motion for a summary judgment. Under well established rules, the motion for a summary judgment was improperly granted and is not supported by the record.

The judgment is reversed.

Marks, J., and Griffin, J., concurred.