[Civ. No. 23040.   Second Dist., Div. One.   Oct. 16, 1958.]

STANLEY KONECKO, Appellant, v. JOSEPHINE KO-
NECKO, as Administratrix, etc., Respondent.

Joan H. Martin for Appellant.

William J. D. Lane and R. Gordon Laughlin for Respondent.

WHITE, P. J.—Plaintiff appeals from the judgment and/or minute order granting defendant's motion to dismiss after the demurrer to his second amended complaint had been sustained and he had failed to further amend.

The question raised on appeal is whether the facts alleged in the second amended complaint are sufficient to constitute a cause of action. The complaint attempts to state four causes of action for rescission of a property settlement agreement executed by plaintiff and his deceased wife, and one cause of action for declaratory relief.

The following is a summary of the salient facts alleged by appellant in his second amended complaint.

April 20, 1955, plaintiff and his wife, Pauline Konecko, entered into an agreement by which they divided all their community property. Plaintiff (although represented by his own counsel) signed said agreement relying upon statements of decedent's attorney that the values of the properties to be conveyed to the respective parties were equal. That in fact, plaintiff's properties were worth only $7,632.10 and decedent's $18,055.03. That, on May 17, 1955, Pauline was granted an interlocutory divorce.

September 10, 1955, she died intestate.

November 9, 1955, defendant, Josephine Konecko, daughter

of plaintiff and his deceased wife, was appointed administratrix of her mother's estate. November 26, 1956, defendant rendered her final account and petitioned for distribution to herself and her sisters and brother, as the only heirs of her mother.

February 28, 1957, plaintiff mailed notice of rescission to defendant. That this was not done sooner because plaintiff "did not know that his children, in whom he had trust and confidence, would enforce it (the property settlement agreement) against him to keep him from sharing in the distribution of his deceased wife's estate." That on April 20, 1955, decedent, because of her 52 years of age and physical infirmity "was incapacitated from doing any business or making or entering into any business." That defendant, "with the intent of cheating and defrauding her father," the plaintiff, induced her mother to sign the agreement.

It was further alleged that prior to April 20, 1955, plaintiff supported himself and decedent by buying and selling real property "on his own account and not as a broker;" that in lieu of alimony plaintiff gave decedent a large portion of his working capital; and "the main consideration in Stanley Konecko's (plaintiff's) entering into the purported property settlement agreement was to provide support for Pauline Konecko and said consideration has completely failed and become entirely void."

That plaintiff was induced to sign the agreement by his wife's refusal to sign the transfers of real property necessary for him to carry on his business of buying and selling real property.

"That a controversy has arisen between plaintiff and defendant relative to their legal rights and duties under said purported property settlement agreement, in that plaintiff alleges said agreement is of no force or effect because of innocent misrepresentation and/or mutual mistake, undue influence, failure of consideration and economic duress as aforesaid, while defendant is seeking to enforce it through the decree of distribution in Pauline Konecko's estate."

Appellant, in his opening brief, urges that causes of action for rescission have been stated on the grounds of mutual mistake, undue influence, duress, and failure of consideration.

The innocent misrepresentation and/or mutual mistake alleged by appellant in said second amended complaint concerns the values of properties owned by him and divided between himself and his deceased wife, which are alleged to

have been misstated to him by his wife's attorney. From the complaint it appears that appellant was at that time also represented by counsel; and that for some years prior thereto he had made his living by buying and selling properties. Under the facts so alleged, appellant cannot be permitted to rescind the contract because of his failure to exercise reasonable care to ascertain the true values of his own properties to be divided between himself and his wife who was then suing for divorce. (*Mesmer* v. *White,* 121 Cal.App.2d 665, 674 [264 P.2d 60].)

Appellant, in his opening brief, states that the "undue influence" relied upon by him as a ground for rescission of the property settlement agreement was the advantage taken of his now deceased wife by their daughter, the defendant. He has alleged no advantage taken of him by his wife or the defendant, nor has he alleged any confidential relationship.

The duress relied upon as sufficient to warrant his attempted rescission of the property settlement agreement is his deceased wife's refusal to sign the transfers of real property. No unlawful act of decedent or defendant is alleged. Decedent's threat to sign no more conveyances of real property requested by appellant cannot be construed to be an act of duress. She had the right to determine for herself when and how she would dispose of her interest in their community property. A threat to exercise a legal right is not an act of duress, menace or undue influence. (*Miller* v. *Walden,* 53 Cal.App.2d 353, 361 [127 P.2d 952] ; *Yost* v. *Yost,* 116 Cal. App.2d 572, 578 [253 P.2d 696].)

In appellant's opening brief, he states that the failure of consideration relied upon by him as a ground for rescission is "based upon frustration of purpose in that appellant would not have signed the contract sought to be rescinded if he had known that his wife would die before their divorce was final in that the property was conveyed to the wife in lieu of support."

The agreement, cancellation of which is sought by appellant in the instant action, copy of which is attached to and by reference made a part of the complaint, recites that wife's release of certain of the community property and her right to support is consideration for appellant's agreement to release to his wife other community property and to release also his right to any support from said wife.

His wife's death before her procurement of the final decree of divorce in her action against appellant is not a failure of

the consideration promised and given by her for her husband's agreement. ▮ When a party gets the consideration promised to him, the fact that it proves worthless or of little value to him because of an unexpected occurrence, as the wife's death in the instant action, is not ground for rescission.

Because of our views hereinabove expressed that plaintiff failed to state any cause of action for rescission, it is not necessary to here decide whether plaintiff's attempted rescission over two years after his wife's death was a timely or sufficient notice of rescission.

▮ Assuming, but not deciding, that appellant did state a cause of action for declaratory relief, where, as in the instant action, such relief is asked on the basis of the facts alleged which entitle a plaintiff to no relief, then the court cannot be required to permit a useless trial on that count alone, and appellant cannot have been prejudiced by the dismissal of the action.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.